**PRIORITY SEND**

**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.  EDCV 11-01582 VAP (OPx)                    Date:  November 3, 2011

Title:     DEUTSCHE BANK NATIONAL TRUST COMPANY -v- ARLENE MARIE HUDSON, et al.
===============================================================
PRESENT:      HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

    Marva Dillard                                          None Present
    Courtroom Deputy                                    Court Reporter

ATTORNEYS PRESENT FOR                          ATTORNEYS PRESENT FOR
PLAINTIFFS:                                               DEFENDANTS:

    None                                                         None

PROCEEDINGS:     MINUTE ORDER REMANDING ACTION TO THE CALIFORNIA SUPERIOR COURT FOR THE COUNTY OF RIVERSIDE  (IN CHAMBERS)

    On October 3, 2011, Defendants Arlene Marie Hudson and Artuo Jenkins removed the above-captioned unlawful detainer action to this Court from the California Superior Court for the County of Riverside.  (<u>See</u> Not. of Removal (Doc. No. 1).)  The Court, having reviewed Defendants' Notice of Removal, sua sponte REMANDS this action for lack of subject-matter jurisdiction, for the reasons set forth below.  The Court also DENIES as moot Plaintiff Deutsche Bank National Trust Company's Motion to Remand (Doc. No. 5), and sua sponte QUASHES Plaintiffs'

EDCV 11-01582 VAP (OPx)
DEUTSCHE BANK NATIONAL TRUST COMPANY v. ARLENE MARIE HUDSON, et al.
MINUTE ORDER of November 3, 2011

subpoena duces tecum of Glenn M. Perrell (Doc. No. 7).

Removal jurisdiction is governed by statute. See 28 U.S.C. §1441. The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman–Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Defendants appear to allege the basis for removal is federal question jurisdiction, under 28 U.S.C. § 1331, because their due process rights are being violated by the state court unlawful detainer proceedings. (See Not. of Removal ¶ 3.) To remove an action based upon a federal question, however, the federal question must be presented in the complaint; here, the underlying state court action is for unlawful detainer, a California state law cause of action. See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 (1983) (holding that a defendant may not remove a case to federal court unless the basis for federal jurisdiction is apparent on the face of the complaint). Assuming, for the sake of argument, something about the unlawful detainer proceedings against Defendants violates Defendants' constitutional rights, the violation would be a defense in the proceedings, not an independent federal law claim. Existence of only a federal law defense, however, cannot confer federal question jurisdiction on the Court, and therefore may not be the basis for removal of an action. Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987). Consequently, the Court sua sponte REMANDS this action to the California Superior Court for the County of Riverside. Plaintiff's Motion to Remand is therefore DENIED as moot. Additionally, as there is no longer any action pending in this Court, the Court QUASHES Defendants' subpoena duces tecum of Glenn M. Perrell.

**EDCV 11-01582 VAP (OPx)**
**DEUTSCHE BANK NATIONAL TRUST COMPANY v. ARLENE MARIE HUDSON, et al.**
**MINUTE ORDER of November 3, 2011**

    **IT IS SO ORDERED.**